**FILED**
October 27, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: NM
DEPUTY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **JOSHUA G. CRAMPTON,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**HARPER PROPERTY MANAGEMENT INC. *et al.*,**<br><br>**Defendants.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **CIVIL NO. SA-26-CV-4828-OLG** |

**ORDER**

The Court has considered United States Magistrate Judge Elizabeth S. Chestney's Report and Recommendation (Dkt. No. 9), filed on September 22, 2026, that Plaintiff Joshua G. Crampton's Motion to Remand (Dkt. No. 5) be granted in part such that this case be remanded to state court. No party filed objections to the Report.

When no party objects to a magistrate judge's report and recommendation, the Court need not conduct a de novo review of the entire record. *See* U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendation to which objection is made."); FED. R. CIV. P. 72(b). Rather, the Court need only review the magistrate judge's report and recommendation to determine whether it is clearly erroneous or contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

The Court has reviewed the Report and is of the opinion that it is correct. Accordingly, the Report (Dkt. No. 9) is **ACCEPTED** and, for the reasons set forth therein, the Motion (Dkt. No. 5) is **GRANTED IN PART** such that this case is **REMANDED** to the Bexar County Court at Law No. 10. Plaintiff's request for attorney fees is **DENIED** because he is proceeding pro se.[1]

[1] Plaintiff also seeks to recover costs and expenses resulting from removal. *See* Dkt. No. 5 at 8–9, 14. Under 28 U.S.C. § 1447(c), the Court may "require payment of just costs and any actual expenses . . .

This case is **CLOSED**.

**IT IS SO ORDERED.**

**SIGNED** on October 27, 2026.

ORLANDO L. GARCIA
United States District Judge

---

incurred as a result of the removal." While Plaintiff is proceeding pro se, that fact alone does not necessarily bar his recovery of costs and expenses, *see Pinkston v. Miss. Dep't of Corr.*, No. 17-CV-39, 2021 WL 3611123, at *2 (N.D. Miss. Aug. 13, 2021), so long as "the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005); *see, e.g.*, *Chapman v. U.S. Bank Tr. Nat'l Ass'n*, No. 25-CV-3758, 2025 WL 4656461, at *3 (S.D. Tex. Nov. 21, 2025) (recommending that attorney fees be denied under § 1447(c) because the plaintiff was proceeding pro se but examining her entitlement to costs and expenses nonetheless), *R. & R. adopted*, 2026 WL 741315 (S.D. Tex. Jan. 30, 2026). Judge Chestney did not reach the issue of costs and expenses and, as a result, did not determine whether there was an objectively reasonable basis for removal. *See* Dkt. No. 9 at 6. Insofar as Plaintiff believes that he is entitled to recover costs and expenses actually incurred as a result of removal, he shall file an appropriate motion, including a proposed bill of costs, no later than 14 days after the entry of this order. Defendant Harper Property Management Inc., the removing party, shall respond within 7 days thereafter.